IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS L. TOTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-140-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Dennis L. Toten requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that he is not engaged in substantial gainful activity.  Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities.  If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied.  If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry.  Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work.  At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born May 28, 1957 and was fifty years old at the time of the administrative hearing (Tr. 28). He has a high school education (Tr. 127), and has worked as a lab worker, propane bottle filler, and stockroom clerk (Tr. 32). The claimant alleges that he has been unable to work since July 28, 1998, due to degenerative disc disease of the back and neck, hip problems, depression, anger, and memory problems (Tr. 120-21).

### Procedural History

On February 22, 2006, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 (Tr. 84-88). His application was denied. ALJ Lantz McClain conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated January 7, 2008 (Tr. 11-20). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform sedentary work, *i. e.*, he could lift/carry ten pounds frequently, stand/walk two hours in an eight-hour workday, and sit six hours in an eight-hour workday (Tr. 15). The ALJ concluded that although the claimant could not return to his past relevant work, he was not disabled according to "the

grids," *i. e.*, Medical-Vocational Rule § 201.28, for the period between July 28, 1998 and December 31, 2004 (Tr. 19-20).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly evaluate lay testimony from his wife; (ii) by failing to perform a proper assessment of his credibility, and (iii) by improperly applying the Grids to determine he was not disabled. The undersigned Magistrate Judge finds that the ALJ *did* fail to properly apply "the grids" in this case, and the decision of the Commissioner should be reversed.

The record reveals that the claimant suffered from the severe impairments of degenerative disc disease and status post cervical fusion. (Tr. 13). Drs. James Odor and Donald Horton treated the claimant after he suffered several on-the-job injuries. The claimant had two surgeries, in 1997 and 1999. (Tr. 181-215). Following the second surgery, he continued to report muscle spasms and tightness in his neck and shoulders. (Tr. 270). In September 2000, Dr. Patrick Evans reviewed an August 24, 2000 MRI of the claimant's cervical spine as part of the claimant's workers' compensation claim, and noted "desiccation and bulging of multiple discs," including "degenerative change." He opined that the claimant was temporarily totally disabled. (Tr. 267). In April 2001, Dr. Odor reported to the Workers' Compensation Court that the claimant had tenderness over his right iliac crest donor site as well as a palpable defect that bothered him, and that leaning to the left or stretching his hips would aggravate the pain. (Tr. 265). In December of the same year, Dr. Odor reported that the claimant suffered from "multi-level lumbar degenerative disc disease from L-2-3 all the way through L-5, S-1," and

recommended pain management and the use of a TENS RS interferential current device to "help manage chronic pain." (Tr. 255). By March 2002, Dr. Odor reported that the TENS unit had not helped, and that the claimant had "fairly significant limitations of function at this time due to chronic pain." (Tr. 254). He also noted that the claimant would have permanent restrictions as to his cervical and lumbar spines from bending, twisting, overhead lifting, or lifting over 10 pounds. (*Id.*) The claimant was also treated from 1998 to through 2004 (date last insured) for headaches and back pain by Dr. Paul Chandler. (Tr. 288-330).

The ALJ summarized the claimant's testimony and medical records, and discussed the factors set forth in 20 C.F.R. § 404.1529 and *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), as well as the criteria set forth in Soc. Sec. Rul. 96-7p. He noted the permanent restrictions from repetitive bending or twisting of the neck, overhead lifting, and lifting over ten pounds imposed by Dr. Odor in 1999, but found that such restrictions did not preclude sedentary work. The ALJ indicated that he was not discounting "all of the claimant's complaints," but concluded that the claimant's daily activities (taking care of personal needs, assisting his wife with chores, taking care of his pets, shopping, driving, socializing, reading, and watching television) were "inconsistent with disabling levels of pain" (Tr. 18.) and there was "no evidence that any of the claimant's treating physicians have told him to do nothing all day." (Tr. 19). The ALJ then found that the claimant was not disabled according to "the grids," *i. e.*, Medical-Vocational Rule § 204.00.

"The grids" are rules promulgated by the Commissioner for determining disability based on a claimant's RFC category, age, education and work experience. *See Channel*

--5--

*v. Heckler,* 747 F.2d 577, 579-80 & n.3 (10th Cir. 1984) (per curiam).  An ALJ may rely conclusively on "the grids" to find that a claimant is not disabled if: (i) the claimant has no significant nonexertional impairment; (ii) the claimant can do the full range of work at some RFC level on a daily basis; and (iii) the claimant can perform most of the jobs in that level.  "Each of these findings must be supported by substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993).  Thus, use of "the grids" is inappropriate if a claimant has a nonexertional impairment, unless the evidence supports a finding that such impairment is insignificant.  *Id.* at 1490-91; 20 C.F.R., pt. 404, subpt. P, app.2, § 200.00(e).  If an ALJ cannot rely conclusively on "the grids," she "must cite examples of occupations or jobs the individual can do and provide a statement of the incidence of such work in the region where the individual lives or in several regions of the country." Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *5.

The claimant contends that the ALJ erred in applying "the grids" to determine he was disabled because he had a significant nonexertional impairment, *i. e.*, pain.  "Pain, even if not disabling, is still a nonexertional impairment to be taken into consideration, unless there is substantial evidence for the ALJ to find that the claimant's pain is insignificant." *Thompson*, 987 F.3d at 1490-91*, citing Ray v. Bowen*, 865 F.2d 222, 225 (10th Cir. 1989) and *Gossett v. Bowen*, 862 F.2d 802, 807-08 (10th Cir. 1988).  In assessing allegations of pain, an ALJ "must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a 'loose nexus' between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and

subjective, Claimant's pain is in fact disabling." *Musgrave v. Sullivan*, 966 F.2d 1371, 1375-76 (10th Cir. 1992), *citing Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987). Further, "the ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain." *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993), *citing Frey*, 816 F.2d at 516.

In this case, there was objective medical evidence indicating that the claimant has a pain-producing impairment, *i. e.*, degenerative disc disease. The ALJ was thus required to consider the claimant's allegations of pain and the extent to which they were disabling. The ALJ specifically found that the claimant's pain was not disabling, but cited no reason for this conclusion other than the claimant's activities of daily living. Further, the ALJ failed to account for the claimant's pain (disabling or otherwise) in formulating his RFC and determining what work, if any, with his level of pain. *See, e. g., Harrison v. Shalala*, 28 F.3d 112, at *5 (10th Cir. 1994) (unpublished table opinion) ("If the ALJ finds that plaintiff's pain, by itself, is not disabling, that is not the end of the inquiry. The [Commissioner] must show that jobs exist in the national economy that the claimant may perform *given the level of pain [he] suffers*.") [citation omitted]. This would ordinarily require the opinion of a vocational expert, *see, e. g., id.* at *5, but the questions posed here to the vocational expert addressed nothing but the claimant's past work.

Because the ALJ failed to properly account for the claimant's pain, the decision of the Commissioner should be reversed and the case remanded for further analysis of the claimant's allegation of pain by the ALJ. If this results in adjustments to the claimant's

--7--

RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 13th day of September, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma